UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IDEO, INC.,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>GTECH CORPORATION,<br><br>Defendant/Counterclaimant. | Case No. 07-404 ML |

**AFFIDAVIT OF DAVID J. PRIVITERA IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

I, David J. Privitera, declare as follows:

1. I am the Boston Location Director of plaintiff IDEO INC., ("IDEO" or "Plaintiff"). I have personal knowledge of the facts set forth herein, and, if called as a witness, I could and would competently testify thereto.

2. IDEO is a consulting company that, among other things, provides product design services for a wide variety of industries. IDEO is well-recognized as one of the leading product design firms in the country with its designs routinely winning awards for both their aesthetic appeal and functionality.

3. GTECH is a gaming technology and services company.

4. On or about January of 2006, IDEO and GTECH entered into a Services Agreement and accompanying Statement of Work ("SOW"), under which IDEO would provide certain design consulting services to GTECH in connection with producing a retail, clerk-operated Instant Ticket Vending Machine, known as its "Game Guard" product. A true and correct copy of the Services Agreement is attached hereto as **Exhibit A**.

5. The Services Agreement incorporated by reference an SOW. In general, the SOW set the forth the phased scope and timing of the project, described in detail the Deliverables, set forth the division of responsibilities as between IDEO and GTECH, and also set forth the amounts that would be payable from GTECH to IDEO under the Services Agreement. A true and correct copy of the SOW is attached hereto as **Exhibit B**.

6. From about January 2006 until May 2007, IDEO complied with all of its contractual obligations to GTECH, and completed its four phases of work including its design work under the Services Agreement and the SOW. During the project, IDEO devoted substantial resources and money towards the development of the intellectual property for GTECH.

7. Towards the end of the project, IDEO and GTECH agreed to a written modification of the Services Agreement. A true and correct copy of the e-mail is attached hereto as **Exhibit C**. IDEO agreed to reduce its Phase 4 payment in return for a reduction in the Phase 4 Deliverables as to which IDEO would be responsible.

8. Shortly thereafter, Phase 4 and the project as a whole was completed by IDEO in May 2007, and IDEO subsequently invoiced GTECH on or about June 1, 2007. During either the thirty days following the completion of the project or the thirty days following the final invoice, IDEO never received any complaints from GTECH regarding the project or any of the Deliverables. Moreover, during the course of the Services Agreement, IDEO satisfactorily responded to GTECH's comments and suggestions regarding the Deliverables.

9. Under the Services Agreement, GTECH's rights of ownership in the Deliverables provided by IDEO (including the Game Guard product), as well as GTECH's right of license to IDEO intellectual property, trade secrets, know how, and other information incorporated into the Deliverables, were contingent on and strictly conditioned by Section 6.5 of the contract:

> "The above assignments and licenses [as set forth in Section 6 of the Services Agreement] are effective only when: (i) client notifies IDEO in writing of its acceptance of Deliverables for the Services or corresponding phase; and (ii) IDEO is paid all amounts to which IDEO is entitled for the Services or the corresponding phase." (Services Agreement, § 6.5, emphasis added)

10. GTECH has not complied with Section 6.5 of the Services Agreement and therefore is not entitled to use, market, sell or otherwise exploit the Game Guard product or any other Deliverables. GTECH has not notified IDEO in writing that it has accepted the deliverables, nor has it paid the amounts still owing to IDEO.

11. GTECH, after having had the opportunity to review the deliverables, failed to allege any deficiency within 30 days following the end of the project, nor within more than 6 months following the conclusion of Phase 3. Phase 3 ended in December 2006 and the project as a whole finished by May 2007. GTECH only first broached the issues with IDEO by letter on July 23, 2007.

12. IDEO has developed the following intellectual property under the Services Agreement that GTECH has no right to use or exploit under the Services Agreement: any inventions or discoveries conceived, created, developed under or in connection with the Services Agreement and SOW; and any know-how, trade secrets, trade dress, copyrights and items that could be patented. Such intellectual property includes all mechanical, electrical, firmware, industrial and interaction designs of GTECH's handheld and Game Guard unit, an engineering validation unit, documentation package suitable for manufacturing, production and mechanical drawings, design packages, LED Board design packages, production CAD databases for the chassis, plastic parts, PCB, source code, drawings for all labels and graphics, and mechanical drawings package consisting of 3D CAD models and part drawings and assembly drawings in Pro-E native format, schematics, layouts and netlists, and cable drawings.

13. Industry sources recently informed me and IDEO that GTECH has been using and exploiting IDEO's intellectual property without a valid license or assignment. GTECH has initiated manufacturing a minimum of 400 units that are based on IDEO's intellectual property. Based on my experience, manufacturing 400 units indicates that GTECH will be selling these units to the market, not just using them as demos.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 13th day of December, 2007 at Cambridge, Massachusetts.

David J. Privitera

13116 v1/BN

**CERTIFICATION OF SERVICE**

I hereby certify that on this 13th day of December 2007, that I caused a true copy of this Affidavit of David Privitera in Support of Plaintiff's Motion for Preliminary Injunction to be filed, via electronic case filing, to the following counsel of record:

Andrew Berg, Esquire
Sammartino & Berg LLP
128 Dorrance Street
Suite 400
Providence, RI 02903

/s/ Mitchell R. Edwards
MITCHELL R. EDWARDS