UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IDEO, INC.,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>GTECH CORPORATION,<br><br>Defendant/Counterclaimant. | Case No. 07-404 ML |

**PLAINTIFF/COUNTER-DEFENDANT IDEO, INC.'S MOTION TO DISMISS DEFENDANT/COUNTERCLAIMANT GTECH CORPORATION'S COUNT IV (FRAUD) OF ITS COUNTERCLAIMS**

Pursuant to federal Rules of Civil Procedure 12(b)(6) and 9(b), Plaintiff/Counter-Defendant IDEO, Inc. ("IDEO"), by and through its undersigned counsel, hereby moves this Court for entry of an order dismissing Count IV (Fraud) of the Counterclaims of Defendant/Counterclaimant GTECH Corporation ("GTECH"), and in support of its motion, states as follows:

GTECH's fraud counterclaim must be dismissed because GTECH has failed to (1) allege any actionable omissions that IDEO had a duty to disclose; (2) identify even one omission made by IDEO that was knowingly false, when made; and (3) allege that GTECH relied on any of IDEO's alleged representations or omissions. Such skeletal pleading, utterly devoid of any detail, falls woefully short of the First Circuit's pleading requirements under Rule 12(b)(6) and Rule 9(b) which require that fraud be pled with particularity, and must be dismissed.

WHEREFORE, Plaintiff/Counter-Defendant IDEO respectfully requests that this Court enter an order dismissing GTECH's Counterclaim Count IV (Fraud) with prejudice.

Respectfully submitted,

IDEO, INC.

/s/ Mitchell R. Edwards

Mitchell R. Edwards (Bar No. 6942)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
Telephone: (401) 457-5122
Facsimile: (401) 457-5123
Email: medwards@haslaw.com

and

Robert B. Lovett (BBO #561691)
Meghan M. Hart (BBO #645205)
Jay B Kesten (BBO #655634)
COOLEY GODWARD LLP
The Prudential Tower
800 Boylston Street
46th Floor
Boston, MA 02199
Telephone: (617) 937-2300
Facsimile: (617) 937-2400
Email: rlovett@cooley.com

Dated: December 31, 2007

13857 v1/BN

**CERTIFICATION OF SERVICE**

I hereby certify that on this 31st day of December, 2007, I caused a true copy of this Plaintiff/Counter-Defendant Ideo, Inc.'s Motion to Dismiss Defendant/Counterclaimant Gtech Corporation's Count IV (Fraud) of its Counterclaims to be filed, via electronic case filing to the following counsel of record:

Andrew Berg, Esq.
Sammartino & Berg LLP
128 Dorrance Street
Suite 400
Providence, RI 02903

/s/ Mitchell R. Edwards

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IDEO, INC.,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>GTECH CORPORATION,<br><br>Defendant/Counterclaimant. | Case No. 07-404 ML |

**MEMORANDUM IN SUPPORT OF PLAINTIFF/COUNTER-DEFENDANT IDEO, INC.'S MOTION TO DISMISS DEFENDANT/COUNTERCLAIMANT GTECH CORPORATION'S COUNT IV (FRAUD) OF ITS COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b), Plaintiff and Counterclaim Defendant IDEO, Inc. ("IDEO") hereby submits this Memorandum of Points and Authorities In Support of their Motion To Dismiss Defendant GTECH Corporation's ("GTECH") Counterclaim for Fraud, with prejudice.

**PRELIMINARY STATEMENT**

GTECH's four-page skeletal Counterclaim focuses on IDEO's alleged breach of the parties' Services Agreement and the accompanying Statement of Work ("SOW"). GTECH claims, in part, that IDEO breached the Services Agreement and SOW because IDEO failed to notify GTECH of any increase (above $3,000) to the projected per unit COGS (cost of goods) of the Game Guard, including that the outsourcing of the sheet metal fabrication would significantly increase the products per unit COGs. Instead of proceeding on this breach of contract theory alone, however, GTECH has attempted to bolster its defective contract claim by now crying "fraud"—the very type of baseless *in terrorem* pleading the First Circuit has long rejected as

transparently deficient. *See Wayne Inv., Inc v. Gulf Oil Corp.*, 739 F.2d 11, 13 (1st Cir. 1985); *see also Haft v. Eastland Fin. Corp.*, 755 F. Supp. 1129 (D.R.I. 1991). Simply put, without more, GTECH cannot transform its breach of contract in Count II ("Failure to Notify GTECH of Material Increase In COGS") into a fraud claim in Count IV (intentionally failing to notify GTECH of the increase in the COGS) by merely re-labeling Count II as Count IV. This is not enough under either Rules 12(b)(6) or 9(b), which requires that fraud be pleaded with particularity.

GTECH's fraud counterclaim must be dismissed because GTECH has failed to (1) allege any actionable omissions that IDEO had a duty to disclose; (2) identify even one omission or statement made by IDEO that was knowingly false, when made; or (3) allege that GTECH relied on any of IDEO's alleged representations or omissions. Moreover, GTECH has not identified the time, place, content or other details concerning the alleged fraud committed by IDEO. Such skeletal pleading, utterly devoid of any detail, falls woefully short of the First Circuit's stringent pleading requirements for fraud. In fact, the First Circuit recently emphasized the particularity requirements of Rule 9(b) because "[i]t is a serious matter to accuse a person or company of committing fraud, and the mere accusation often causes harm." *United States ex rel. Rost v. Pfizer, Inc.*, 507 F.3d 720, 733 (1st Cir. 2007). Accordingly, GTECH's fraud counterclaim should be thrown out as deficient under Rule 12(b)(6) and Rule 9(b).[1]

## FACTUAL BACKGROUND

This case arises out of IDEO's and GTECH's respective performance under the Services Agreement and SOW that they entered into for the redesign and development of a product called the Game Guard. Countercl. ¶¶ 1,2. The parties' SOW stated that GTECH considered the

---

[1] Filing of the motion to dismiss on even one count of the Counterclaims tolls IDEO's time to reply to all of the Counterclaims. *See Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 122 (D. Mass. 2001)

product cost of each Game Guard unit to be an important factor in IDEO's design of Game Guard. Countercl. ¶ 1. During the course of the project, GTECH, not IDEO, made the determination that it would control and outsource the sheet metal fabrication and assembly aspect of the manufacturing process of the Game Guard. Countercl. ¶¶ 4,5. Despite the fact that GTECH made this decision, and thereby took exclusive control of the Game Guard's manufacturing and pricing, GTECH claims – without any facts, let alone specific facts – that IDEO knew that the outsourcing of the fabrication would increase the COGs of the Game Guard, and intentionally failed to disclose to GTECH the increase costs. Countercl. ¶¶ 11, 12, 27.

GTECH's Counterclaims, however, fail to allege any facts that would support a fraud claim against IDEO. GTECH has not alleged that IDEO had a duty to disclose the increased costs associated with the outsourcing of the fabrication of the Game Guard. The Counterclaims allege – without any factual support or contractual authority – that "IDEO reasonably should have expected to factor the outsourcing of the sheet metal fabrication and assembly into its cost estimates." Countercl. ¶ 6. In addition, nothing in the Counterclaims suggests that IDEO knew or should have known the increased costs of the Game Guard. GTECH also has failed to allege its reliance on IDEO's representations regarding the COGs of the Game Guard, let alone facts to support such reliance.

## ARGUMENT

### I. GTECH's FRAUD CLAIM IS DEFECTIVE.

GTECH's fraud claim cannot survive dismissal under the notice pleading standard under Federal Rule of Civil Procedure 8(a), let alone the heightened pleading standard of Rule 9(b), which requires that fraud claims be pleaded with particularity. *See Bell Atlantic Corporation v. Twombly*, ___ U.S ____, 127 S. Ct. 1955 (2007) (holding that scanty pleading "will not do," and

that Rule 8(a)(2) still requires a "'showing,' rather than a blanket assertion, of entitlement to relief); *Rost*, 507 F.3d at 733 ("Conclusory allegations and references to 'plans and schemes' are not sufficient" under Rule 9(b)). GTECH's entire fraud claim against IDEO centers on the sole allegation that "IDEO knew that the outsourcing of the sheet metal fabrication would significantly increase the per unit COGS [cost of goods] of the Game Guard, yet intentionally failed to notify GTECH in this regard in order to secure further payments under the Services Agreement and SOW" – the exact same allegation that supports its breach of contract claim (Count II). Countercl. ¶ 27.[2] As set forth below, such conclusory allegations are not actionable as a matter of law, and fail to state a cause of action under Rules 12(b)(6) or 9(b).

Indeed, GTECH's fraud claim must be dismissed because GTECH's claim rests upon an illusory artifice of pleading long rejected in the First Circuit: fraud by hindsight. *Meyer v. Biopure Corp.*, 221 F. Supp. 2d 195, 207 n. 1 (D. Mass. 2002) ("The law in this circuit also clearly prohibits plaintiffs from pleading fraud by hindsight, asserting that if the information was available on March 20, 2002, the defendants must have also known about it in May and August of 2001."). In other words, because the business arrangement did not work out as it hoped (i.e., the Game Guard costs more than GTECH wanted it to), GTECH has pointed to unrelated or innocuous events that occurred after the project was completed, and opined that IDEO's failure to notify GTECH of the additional costs necessarily means that it knew about the increased costs and chose not to tell GTECH. Leaving aside the fact that the SOW does not require IDEO to factor in these unknown costs, not one single fact has been pleaded in the Counterclaim supporting any inference, let alone a particularized inference, that IDEO had a fraudulent intent

[2] To the extent that the Court re-frames GTECH's fraud claim as a negligent concealment or omission claim, such a claim is barred by Rhode Island's adoption of the economic loss rule. *See, e.g., Franklin Grove Corp. v. Drexel*, ___ A.2d ____, 2007 WL 4442359, at *5 (R.I. Dec. 20, 2007) (holding that economic loss bars negligence claim); *Gail Frances, Inc. v. Alaska Diesel Electric, Inc.*, 62 F. Supp. 2d 511, 518 (D.R.I. 1999) (holding that economic loss rule precluded negligence and negligent misrepresentation claims).

when it purportedly failed to disclose the alleged costs associated with the third party metal fabrication. As such, GTECH's fraud claim should be rejected. *Bryson v. Royal Bus. Group*, 763 F.2d 491, 494 (1st Cir. 1985).

## A. <u>GTECH's Fraud Claim Cannot Even State A Cause of Action Under Rule 12(b)(6).</u>

### 1. Plaintiff's Fraud Counterclaim Fails To <u>Allege Any Actionable Omissions Of Material Fact.</u>

GTECH's fraud claim cannot survive a motion to dismiss under Rule 12(b)(6) because GTECH has not alleged, and cannot allege, that IDEO had a duty to disclose or take into account the effect that sheet metal fabrication would have on the per unit COGs of the Game Guard.[3] Although under Rhode Island law fraud may be grounded on either affirmative acts or concealment, a claim based on concealment will not lie absent a duty to speak.[4] *Guilbeault v. R.J. Reynolds Tobacco, Co.*, 84 F.Supp. 2d 263, 268-69 (D.R.I. 2000); *see also Royal Bus. Group, Inc.*, 933 F.2d at 1064 ("[T]here can be no claim for fraud for failure to disclose in the absence of a duty to disclose."). It is well established that mere disclosure is not actionable as fraud. *See, e.g.*, *Smith v. O'Connell*, 997 F. Supp. 226, 238 (D.R.I. 1998), *aff'd Kelly v. Marcantanio*, 185 F.3d 192 (1st Cir. 1999) ("Mere silence or a failure to volunteer information does not constitute an "actual misrepresentation."). Here, GTECH has not identified any legal basis on which an affirmative duty to disclose might rest. *See, e.g.*, *Schofield v. French*, 36 F. Supp. 2d 481, 488 (D.R.I. 1999), *aff'd* 215 F.3d 1312 (1st Cir. 2000) (dismissing fraud claim based on concealment where there was no duty to disclose); *Smith*, 997 F. Supp. at 238 (same).

---

[3] To the extent GTECH's fraud counterclaim is based on an alleged fraudulent statement of material fact, such claim must fail because GTECH has not alleged that IDEO made any false or misleading statements. *See, e.g.*, *Guilbeault v. R.J. Reynolds Tobacco, Co.*, 84 F.Supp. 2d at 268.

[4] To establish fraud in Rhode Island, a plaintiff must show: (1) a false and misleading statement or omission of material fact that was (2) known by the defendant to be false and (3) made to deceive, (4) upon which the plaintiff relied to his detriment. *See Guilbeault*, 84 F.Supp. 2d at 268 (citing *National Credit Union Admin. Bd. v. Regine*, 795 F. Supp. 59, 70 (D.R.I. 1992)). "Fraud can be grounded on either affirmative acts or concealment." *Guilbeault*, 84 F.Supp. 2d at 268.

GTECH's allegation that IDEO reasonably should have included the costs associated with the outsourcing is irrelevant, and cannot create a duty to disclose. As a result, GTECH's fraud claim fails.

Moreover, the Counterclaim concedes that IDEO complied with any duty to disclose when the COGs would exceed $3,000 per unit. GTECH's Counterclaim acknowledges that IDEO did inform GTECH personnel on several occasions that the COGs target could not be met. Countercl. ¶¶ 7,11. This fact alone defeats GTECH's fraud claim. All that remains is a purported fraud claim based on IDEO's alleged failure to report a cost change to GTECH <u>after GTECH assumed exclusive control over Game Guard's manufacturing and pricing</u>. Countercl. ¶¶ 11, 12, 27. A duty to disclose based on these allegations makes no sense, and cannot support an actionable fraud claim. As a result, GTECH's pleading precludes its fraud claim as a matter of law.

### 2. **GTECH Has Not Pleaded Any Facts To Support That <u>IDEO's Statements And Omissions Were False.</u>**

GTECH's fraud claim must be dismissed because GTECH has not alleged, and cannot allege, any facts showing how IDEO's statements and omissions was false or misleading at the time they were made. *See, e.g.*, *Guilbeault*, 84 F. Supp. 2d at 268-69. Nowhere in their Counterclaim does GTECH plead any facts to support its allegations that IDEO's representations or omissions were knowingly false, when made. GTECH merely relies on the meaningless broad brush recitation in Count IV that, "IDEO knew that the outsourcing of the sheet metal fabrication would significantly increase the per unit COGS [costs of goods and services] of the Game Guard, yet intentionally failed to notify GTECH in this regard in order to secure further payments under the Services Agreement and SOW." Countercl. ¶ 27. This is not enough. GTECH has not pleaded any facts to suggest that IDEO knew or should have known that the COGS per unit of

the Game Guard was any higher than it represented to GTECH, nor that IDEO even knew what effect the outsourcing of the metal fabrication would have on the COGS of the Game Guard, such that any of its representations were knowingly false when made. Therefore, GTECH's fraud claim fails as a matter of law.

**3. Plaintiff Has Not Pleaded, And Cannot Plead, <u>Reasonable Reliance On IDEO's Statements</u>.**

GTECH also has failed to allege its reliance on IDEO's representations regarding the COGS of the Game Guard, let alone facts to support such reliance. *See, e.g., Wells v. Monarch Capital Corp.*, No. 91-10575, 1991 WL 354938, at *12 (D. Mass. Aug. 23, 1991) ("Even if the particularity standard is not applied, notice pleading still requires the plaintiff to provide a factual basis for [its reliance]."). GTECH's failure to do so mandates dismissal of its fraud claim. *Id.*

Moreover, dismissal of the fraud claim is warranted because GTECH's reliance on IDEO's statements and omissions cannot be reasonable as a matter of law. *See, e.g., Guilbeault*, 84 F. Supp. 2d at 282 ("In Rhode Island, reliance on alleged misrepresentations must be justifiable to establish a viable fraud claim."). GTECH admits that IDEO informed GTECH that the Game Guard cost would exceed the COGs target of $3,000 per unit in August 2006, and that GTECH decided to continue with the Game Guard project although it had the option of terminating the Services Agreement at that time. Countercl. ¶ 3. Furthermore, GTECH admits that subsequent to that event, GTECH itself determined that required sheet metal work for the Game Guard project should be performed by a third-party vendor rather than by GTECH's own manufacturing facilities, the same decision that GTECH claims caused the actual cost per unit COGs for the Game Guard unit to reach approximately $3,700. *Id.* ¶¶ 4, 10. GTECH does not plead, however, that IDEO knew the effect that GTECH's determination to outsource the sheet metal fabrication would have on the cost of the Game Guard. It is, in fact, unreasonable as a

matter of law for GTECH to have relied on IDEO's alleged failure to promptly and accurately notify GTECH of the effects of GTECH's own decision to outsource sheet metal fabrication, where GTECH itself admits that the cost overrun was caused by and in the exclusive control of GTECH's. As such, Plaintiff's fraud claim fails as a matter of law.

## B. GTECH's Fraud Counterclaim Falls Well Short Of Satisfying Rule 9(b).

The Court also must dismiss GTECH's fraud-based counterclaims for failure to satisfy the stringent pleading requirements of Rule 9(b), which requires the "circumstances constituting fraud . . . be stated with particularity." Fed. R. Civ. P. 9(b). The First Circuit strictly applies Rule 9(b)'s specificity requirements, *see Bio-Vita, Ltd. v. Rausch*, 759 F. Supp. 33, 37 (D. Mass. 1991), and GTECH fails to meet the First Circuit's rigorous application of Rule 9(b) by failing to plead with specificity: that IDEO knew that the statements or omissions were false at the time they were made, *Suna v. Bailey*, 107 F.3d 64, 68-69 (1st Cir. 1997); and that GTECH relied on the alleged statements or omissions, *see Wells*, 1991 WL 354938, at *12. Without this support, GTECH's fraud claim is "insufficiently detailed to provide the defendants a reasonable opportunity to frame meaningful responses" and must be dismissed. *Bio-Vita*, 759 F. Supp. at 37 (quoting *Kaufman v. Magid*, 539 F. Supp. 1088, 1093 (D. Mass 1982)).

### 1. GTECH Has Failed to Identify the Time, the Place Content and Other Details Concerning the Alleged Misrepresentations.

GTECH fails to satisfy Rule 9(b) by not alleging particularized facts concerning the "dates, times, places and other details" of the alleged false or fraudulent misrepresentations or omissions. *Doyle*, 103 F.3d at 194. Other than referencing "that IDEO knew that the outsourcing of the sheet metal fabrication would significantly increase the per unit COGS of the Game Guard and yet intentionally failed to notify GTECH of that fact (without identifying which individuals uttered these ghost-like statements), the Complaint is devoid of the words used, the

contest in which they were used, or any other details respecting IDEO's alleged fraud. As such, the fraud counterclaim fails to pass muster under Rule 9(b).

In its Counterclaim, GTECH merely makes the conclusory allegation that IDEO failed to inform GTECH about the increased cost to secure further payments under the Services Agreement and SOW. Countercl. ¶ 27. Nowhere in its Complaint does GTECH identify any specific statements made by anyone at IDEO or anyone on behalf of IDEO. The Counterclaims only summarily reference "updated estimates," "designs," and "documentations," that caused GTECH to agree to continue under the parties' agreements. Countercl. ¶¶ 3, 7-9; *see also Rost*, 507 F.3d at 732. Such conclusory pleading – providing no detail whatsoever as to the content of the statements GTECH alleges amount to fraud – cannot pass muster under the strict standards of Rule 9(b). *Fourth U.S. Akar, Inc. v. Cohen*, No. 89-1319, 1990 WL 138945, at *16 (D. Mass. Aug. 27, 1990) (holding that "oral representations" made with respect to defendants "personnel skill, expertise and experience" were too vague to comply with Rule 9(b)); *Herring v. Vadala*, 670 F. Supp. 1082, 1086 (D. Mass. 1981) (dismissing fraud claim under Rule 9(b) where plaintiff failed to identify any statements alleged to be false); *In re Fordham*, 130 B.R. 632, 644 (D. Mass 1991) (holding that the complaint referring to "representations" that were fraudulent did not comport with Rule 9(b)).

**2. GTECH Has Not Alleged Any Facts Indicating that IDEO's Statements Were False – and Were Known to Be False – When Made.**

Like the rest of GTECH's fraud claim, GTECH utterly ignores its duty to plead specific statements or information, or other particularized facts showing that the alleged representations or omissions were false, when made. *See Ezra Charitable Trust v. Tyco Intern. Ltd.*, 466 F.3d 1, 9 (1st Cir. 2005) (affirming dismissal of fraud claim "because there are no alleged facts that strongly suggest that the defendants knew any of the challenged statements were false when

made); *In re Frusher*, 146 B.R. 594, 597 (Bankr. R.I. 1992) , aff'd Frusher v. Baskin-Robbins Ice Cream Co., 43 F.3d 1456 (1st Cir. 1994) (dismissing claims for failure to plead that representations were false when made). The allegation that IDEO knew or should have known that the information was intentionally omitted -- in the words of this Circuit – is "too conclusional" to come anywhere close to satisfying the structures of Rule 9(b). *Doyle*, 103 F.3d at 194.

### 3. GTECH Fails to Plead Reliance With Particularity.

GTECH also has failed to lead reliance with particularity. In paragraph 12 of its Counterclaims, GTECH only implies that it relies on the representations; IDEO's failure to promptly and accurately notify GTECH of the significant increase in the per unit COGS of the Game Guard deprived GTECH of the opportunity to reassess whether it wanted to continue or terminate the project and its relationship with IDEO. Countercl. ¶ 12. This generalized conclusory assertion falls far short of the particularity required by Rule 9(b). *See Wells*, 1991 WL 354938, at *12 (reliance "must be stated with particularity").

## CONCLUSION

For the foregoing reasons, IDEO respectfully requests that this Court dismiss GTECH's Counterclaim IV under Rules 12(b)(6) and 9(b).

Respectfully submitted,

IDEO, INC.

/s/ Mitchell R. Edwards

Mitchell R. Edwards (Bar No. 6942)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
Telephone: (401) 457-5122
Facsimile: (401) 457-5123
Email: medwards@haslaw.com

and

Robert B. Lovett (BBO #561691)
Meghan M. Hart (BBO #645205)
Jay B Kesten (BBO #655634)
COOLEY GODWARD LLP
The Prudential Tower
800 Boylston Street
46th Floor
Boston, MA 02199
Telephone: (617) 937-2300
Facsimile: (617) 937-2400
Email: rlovett@cooley.com

Dated: December 31, 2007

13854 v1/BN

**CERTIFICATION OF SERVICE**

I hereby certify that on this 31st day of December, 2007, I caused a true copy of this Memorandum in Support of Plaintiff/Counter-Defendant Ideo, Inc.'s Motion to Dismiss Defendant/Counterclaimant Gtech Corporation's Count IV (Fraud) of its Counterclaims to be filed, via electronic case filing to the following counsel of record:

Andrew Berg, Esq.
Sammartino & Berg LLP
128 Dorrance Street
Suite 400
Providence, RI 02903

/s/ Mitchell R. Edwards