UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IDEO, INC.,

Plaintiff/Counterclaim Defendant,

v.

GTECH CORPORATION,

Defendant/Counterclaimant.

Case No. 07-404 S

**IDEO, INC.'S OPPOSITION TO GTECH CORPORATION'S MOTION TO CONTINUE**

Plaintiff IDEO, Inc. ("IDEO") opposes Defendant GTECH Corporation's ("GTECH") Motion to Continue the hearing on IDEO's motion for preliminary injunction, presently scheduled for January 15, 2008. The Court should reject GTECH's continued attempts to delay resolution of IDEO's request for injunctive relief. IDEO has suffered, and will continue to suffer, irreparable harm if the hearing is continued. GTECH has made clear that it will continue to market, sell and otherwise exploit IDEO's intellectual property without any valid license or right. In light of GTECH's latest attempt to delay the Court's consideration of IDEO's right to preliminary relief, the Court should preserve the *status quo* by granting IDEO interim relief until such time as a hearing can be held on its Motion for Preliminary Injunction. In further support of its Opposition, IDEO states as follows:

1. Based on information received from industry sources and contained in the public record, IDEO learned that GTECH was exploiting and misusing IDEO's intellectual property. Specifically, IDEO discovered that GTECH was in the process of manufacturing approximately 400 units of a revised version of its Game Guard product based IDEO intellectual property as to

which GTECH has no license, or other rights of use, sale, or distribution. In an effort to prevent the substantial and irreparable harm that would follow if GTECH wrongfully distributed IDEO's intellectual property by taking the Game Guard to market, IDEO filed a Motion for Preliminary Injunction on December 13, 2007 (the "Motion"), seeking to enjoin GTECH from using, displaying, exploiting, selling, distributing or manufacturing the Game Guard product, or otherwise using, disclosing, exploiting, displaying, selling, transferring, assigning or licensing in any manner the intellectual property owned or developed by IDEO.

2. On December 18, 2007, GTECH filed a Motion to Enlarge the time to respond to IDEO's request for injunctive relief, seeking until January 31, 2007 even to respond and delaying the hearing on IDEO's Motion until at least February. After a hearing on GTECH's Motion to Enlarge, the Court ordered GTECH's counsel to provide the Court and IDEO the details of GTECH's short-term plans for the distribution of its Game Guard product.

3. GTECH's letter presented this Court with conclusive evidence demonstrating that IDEO's worst fears were well founded. GTECH has not only co-opted IDEO's intellectual property, but it has already distributed approximately 250 Game Guard units containing IDEO's intellectual property to its customers and plans a substantial and imminent release of an additional 350 units. *See* Letter from Andrew Berg, Esq. to Your Honor, dated December 19, 2007.[1] Moreover, GTECH intends to proceed with its plans to distribute the Game Guard notwithstanding the pendency of IDEO's Motion. In fact, at least 100 units have been distributed since IDEO filed its Motion, and GTECH plans to distribute approximately 250 more during Q1 2008. *Id.* In light of this evidence, on December 21, 2007, the Court denied GTECH's request to enlarge the time to respond to IDEO's Motion, and set a hearing for January 15, 2008.

[1] A copy of Mr. Berg's letter of December 19, 2007 is attached hereto as Exhibit A.

4. Now, less than two weeks prior to the scheduled hearing on IDEO's Motion, GTECH seeks yet again to delay resolution of IDEO's request for injunctive relief, citing the purported unavailability of one of its witnesses. IDEO opposes this delay because, simply put, the convenience of GTECH's witnesses cannot take precedence over IDEO's ability to obtain meaningful injunctive relief. As set forth above, GTECH has already distributed IDEO's intellectual property to the market, and continues to do so despite IDEO's pending Motion. As such, IDEO has suffered and will suffer additional irreparable harm if the hearing of its Motion is continued. This concern is amplified by the fact that GTECH has now repeatedly refused to represent that it will halt or postpone further distributions of the Game Guard during this interim period. Indeed, GTECH's Motion to Continue fails even to assert in a general fashion that IDEO will not be prejudiced by the delay sought by GTECH. Absent any comfort whatsoever that IDEO will not suffer further injury during the interim period, IDEO respectfully requests that the Court deny GTECH's Motion to Continue.

5. In light of the continued attempts to delay, the Court should preserve the *status quo* by entering a Temporary Restraining Order in the form of order requested in connection with IDEO's Motion for Preliminary Injunction until such time as the hearing on such Motion can be held.[2]

---

[2] For the Court's convenience, a copy of IDEO's Proposed Order is attached hereto as Exhibit B.

Respectfully submitted,

IDEO, INC.

/s/ Mitchell R. Edwards

Mitchell R. Edwards (Bar No. 6942)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
Telephone: (401) 457-5122
Facsimile: (401) 457-5123
Email: medwards@haslaw.com

and

Robert B. Lovett (*admitted pro hac*)
Meghan M. Hart (*admitted* pro hac)
Jay B Kesten (*admitted pro hac*)
COOLEY GODWARD LLP
The Prudential Tower
800 Boylston Street
46th Floor
Boston, MA 02199
Telephone: (617) 937-2300
Facsimile: (617) 937-2400
Email: rlovett@cooley.com
mhart@cooley.com
jkesten@cooley.com

Dated: January 4, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2008, I caused a true copy of this Opposition, to be filed, via electronic case filing to the following counsel of record:

Andrew Berg, Esq.
Sammartino & Berg LLP
128 Dorrance Street
Suite 400
Providence, RI 02903

____/s/ Mitchell R. Edwards____________